Matter of the CITY OF NEW YORK, Relator, for a Peremptory Writ of Mandamus Directing the NEW YORK CENTRAL RAILROAD COMPANY, etc.

(Supreme Court, New York Special Term, January, 1919.)

Mandamus — when alternative writ of mandamus may be issued — railroads — highways — burden of proof — municipal corporations — Railroad Law, §§ 91, 93.

Upon an application under section 93 of the Railroad Law which provides that when a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad company and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction thereof and in which same are situated, an issue of fact raised by an answer denying the allegations of the petition can only be determined by issuing an alternative writ of mandamus.

While the relator in a petition for a writ of mandamus directing the respondent to repair without delay the framework of the bridge carrying Morris avenue in the city of New York over the railroad tracks at One Hundred and Fifty-sixth street has the burden of proof to establish the facts alleged in its petition before respondent can be required to comply with said section 93, respondent should not be required to do more than to bring the bridge to the standard of efficiency it had when originally constructed.

The respondent is not bound to strengthen the bridge so as to take care of the present traffic which largely exceeds that which could have been contemplated in 1890, when the bridge was built.

If the conditions proved upon the hearing of the alternative writ of mandamus call for a change in the existing structure within the meaning of section 91 of the Railroad Law and not merely for repairs, recourse must be had to the procedure prescribed by that section.

That the respondent is under Federal control and operated by the director general of railroads does not excuse it from

Supreme Court, January, 1919. [Vol. 105.

performing any duty owing to the state and general order No. 50, issued by said director general, has no application to the case.

PETITION for a writ of peremptory mandamus.

William P. Burr, corporation counsel (John P. O'Brien and Vincent Victory, of counsel), for relator.

Alex. S. Lyman, for respondent.

PHILBIN, J. The petitioner, the city of New York, asks that a writ of peremptory mandamus issue directing the New York Central Railroad Company to repair without delay the framework of the bridge carrying Morris avenue over the tracks of the railroad company at One Hundred and Fifty-sixth street. The application is made under section 93 of the Railroad Law, which contains a provision that when a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kep* in repair by the railroad company and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction thereof and in which same are situated.

The petition, among other things, alleges that the condition of the bridge is dangerous to the public because the framework and the girders of the bridge have weakened so as to render it unsafe and a menace to the public using the highway and to the trains operated upon the tracks of the railroad underneath; that the bridge has been so undermined by rust and the action of the elements as to render it unsafe for the passage of the present line of trolley cars and traffic. These allegations are denied by respondent's answer. The relator claims, however, that a subsequent affidavit of the chief engineer of the respondent admits

facts which sustain the controverted allegations. I do not think it is clear that such construction can be placed upon the affidavit. An issue of fact is raised which can only be determined by issuing an alternative writ.

The burden is upon the relator to establish the facts alleged in the petition before the respondent can be required to comply with the provisions of section 93, *supra*. It should, however, in such circumstances not be required to do more than to bring the bridge to the standard of efficiency it had when originally constructed. It is not bound, for example, to strengthen the structure so as to meet the exigencies of the present traffic, which is shown to have largely exceeded that which reasonably could have been contemplated at the time that the bridge was erected in the year 1890. If upon the hearing it is found that the conditions proved call for a change in the existing structure within the meaning of section 91 of the Railroad Law and not merely for repairs, a writ of peremptory mandamus should not issue, but recourse should be had to the procedure prescribed by that section.

The respondent further urges in opposition to this motion that it should be denied because the railroads are not now in possession of and operated by the respondent, but are under federal control and operated by the director general of railroads. Reference is made to general order No. 50 issued by the director general. It does not seem that the order has any application. It relates to actions at law, suits in equity and proceedings in admiralty based on contract, and actions in tort, and provides that such suits, actions and proceedings shall be brought against the director general and not otherwise. It is also stated that the rule shall not apply to actions, suits or pro-

ceedings for the recovery of fines, penalties or for-·feitures. This special proceeding is not an action, nor is it based upon contract or tort, but is a proceeding to compel the performance of a duty required by statute. The fact that the director general has control or management of the affairs of the respondent does not excuse it from performing any duty owing to the state. It is also to be noted that general order 50 applies to causes of action arising subsequent to December 31, 1917. It follows that the general order has no application to this case.

Motion granted to the extent of directing the issuance of an alternative writ of mandamus.

Ordered accordingly.